26 F.3d 139
 73 A.F.T.R.2d 94-2099
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George JONES, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5041.
 United States Court of Appeals, Federal Circuit.
 May 9, 1994.
Rehearing Denied July 11, 1994.
 
 Before MAYER, LOURIE, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Jones appeals the October 28, 1993 judgment of the United States Court of Federal Claims, No. 92-425T, dismissing his complaint for a refund of taxes paid and granting judgment for the United States on its counterclaim for $4,074.40 unpaid assessed interest plus statutory interest. We affirm.
 
 
 2
 Jones challenges the determination by the Court of Federal Claims that he is a "responsible person" under section 6672 of the Internal Revenue Code, 26 U.S.C. Sec. 6672 (1988). He argues that his partner, David C. Hoppmann, who controlled the financial aspects of the business, should be held responsible for nonpayment of trust fund taxes. But Jones does not recognize that more than one person can be held liable under section 6672. White v. United States, 372 F.2d 513, 516 (Ct.Cl.1967). It makes no difference whether his partner is also a "responsible person," for Jones can be liable as well so long as he had the power to control the decision-making process by which the partnership decided to meet its debts to other creditors at the government's expense. Godfrey v. United States, 748 F.2d 1568, 1575 (Fed.Cir.1984).
 
 
 3
 Jones was a full partner in the business. The court found that he participated actively in the management of the partnership, which assumed the assets and liabilities of Hoppmann's corporation pursuant to the partnership agreement. Jones had primary responsibility for the partnership's construction projects and was one of three partners with equal authority to issue checks to pay partnership debts. The court also found that he took part in meetings where nonpayment of taxes was discussed, and he joined in the decision not to pay. The determination that these facts establish Jones' power to avoid the default, and that the decision to pay creditors other than the government was willful, was based in large part on the credibility of trial witnesses and is not clearly erroneous.